DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER L. KEE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-0416

[March 6, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Darren Steele, Judge; L.T. Case Nos. 43-2017-CF-000212, 43-2018-CF-001408, and 43-2020-CF-001070.

Carey Haughwout, Public Defender, and Christine C. Geraghty and Erika Elizabeth Follmer, Assistant Public Defenders, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Paul Patti, III, Senior Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

The defendant appeals from a criminal judgment and sentence following a plea agreement that resolved three felony cases. The defendant raises six issues on appeal. We affirm the trial court's rulings on five of the issues without discussion. The defendant's sixth issue argues the trial court erred in imposing unauthorized prosecution costs in the three cases. The issue was preserved by a Florida Rule of Criminal Procedure 3.800(b)(2) motion filed while this appeal was pending. The motion was deemed denied when the trial court did not rule on the motion within sixty days after it was filed. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

The state concedes the prosecution costs assessment of $200 should be reduced to the statutory minimum of $100 because no evidence was presented to support the higher amount and the trial court did not orally

pronounce the higher amount at sentencing.  *See* § 938.27(8), Fla. Stat. (2022).[1]

When the trial court fails to make the appropriate factual findings regarding prosecution costs above the statutory minimum or orally announce a higher amount at sentencing, prosecution costs will be reduced to the mandatory minimum amount.  *Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019); *see also Briggs v. State*, 936 So. 2d 789, 790 (Fla. 4th DCA 2006) (finding that the oral pronouncement controls over the written sentence).

As the state did not provide the required justification for higher costs and the trial court did not orally pronounce the $200 amount, the order imposing $200 in prosecution costs is reversed for each case, and we remand the cases for the trial court to ministerially correct the error and reduce the assessment for prosecution costs to $100.[2]

*Affirm in part, reversed in part, and remanded with instructions.*

KUNTZ and ARTAU, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***

---

[1] The statute provides: "Costs for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged, including a proceeding in which the underlying offense is a violation of probation or community control.  The court may set a higher amount upon a showing of sufficient proof of higher costs incurred." § 938.27(8), Fla. Stat. (2022).

[2] The state did not request remand to allow a further hearing to seek prosecution costs above the minimum.